UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SAMUEL N. ROBERTS, JR.,

                Plaintiff,

v.                                                                  Case No. 24-cv-319-pp

CHANTALL JEWELL, *et al.*,

                Defendants.

---

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 10)
AND DISMISSING CASE**

---

       Plaintiff Samuel N. Roberts, Jr., who is incarcerated at Racine Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights when he was incarcerated at the Milwaukee County Community Reintegration Center. The court screened the complaint and determined that it did not state a claim. Dkt. No. 7 at 6. The court gave the plaintiff an opportunity to file an amended complaint; the court received that amended complaint on June 14, 2024. Dkt. No. 10. This order screens the amended complaint and dismisses it.

**I.    Screening the Amended Complaint**

      A.    <u>Federal Screening Standard</u>

       Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that

1

are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

      B.    <u>Amended Complaint's Allegations</u>

The plaintiff's original complaint alleged that on February 9, 2024, a showerhead came off, hit him in the head and caused him to fall back and "hit [his] head on the sink and hit the floor hard." Dkt. No. 1 at 2. The plaintiff allegedly was "out" for a few seconds. Id. The amended complaint simply refers to "that incident" "on 2-9-24"; the court assumes that the plaintiff is referring to the showerhead malfunction alleged in the original complaint. Dkt. No. 10 at 2. The plaintiff sues "John Does (maintenance)" and alleges that many work orders previously had been "put in" and "nothing was done." Id. The plaintiff says that once the February 9, 2024 incident happened to him, the showerhead was "fixed the same day in less than 15. mins." Id. John and Jane Doe employees allegedly violated the plaintiff's constitutional rights because the showerhead did not get fixed until something happened. Id.

The plaintiff also sues Jane Doe nurses, who allegedly had the power to send him to the hospital. Id. The plaintiff states that defendants Nurse Lauren Claxton and Supervisor Carlee were contacted to send the plaintiff to the hospital. Id. These defendants allegedly were negligent and indifferent because they did not send the plaintiff to a hospital for specialized care. Id. at 3.

For relief, the plaintiff seeks compensatory damages and for the medical unit to take injuries seriously. Id. at 4.

3

C.  Analysis

Although the plaintiff does not say whether he was a pretrial detainee or a convicted person when the incident took place, Wisconsin online court records indicate that he was a pretrial detainee. On June 28, 2024, the plaintiff pled guilty and was sentenced to state prison in State of Wisconsin v. Samuel Roberts, Jr., Milwaukee County Case Number 2023CF000753 (available at wcca.wicourts.gov). The court record shows that the plaintiff had been in custody since at least April 20, 2023. Id. That means that on February 9, 2024, he would have been a pretrial detainee.

Because it appears the plaintiff was a pretrial detainee when the incident took place, the court will analyze his claims under the Fourteenth Amendment. See Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015); see also Hardeman v. Curran, 933 F.3d 816, 824 (7th Cir. 2019)). Under the Fourteenth Amendment, the plaintiff must allege facts showing that the challenged condition of pretrial confinement was "objectively unreasonable." Hardeman, 933 F.3d at 824. This requires him to make an objective showing that the condition in question is "sufficiently serious" to offend the Constitution. Giles v. Godinez, 914 F.3d 1040, 1051 (7th Cir.), cert. denied, 140 S. Ct. 50 (2019). To prevail on his claim that the conditions of pretrial confinement violate the Constitution, a detainee must prove that (1) the conditions in question are or were objectively serious; (2) the defendant acted purposefully, knowingly or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable—that is, "not rationally related to a legitimate

4

governmental objective or . . . excessive in relation to that purpose." <u>Kingsley</u>, 576 U.S. at 398.

As noted above, in the original complaint, the plaintiff alleged that on February 9, 2024, he was about to take a shower; when the shower came on, the showerhead fell off and hit him in the head. Dkt. No. 1 at 2. He alleged that he fell back, hit his head on the sink, hit the floor hard and was "out for a few seconds." <u>Id.</u> When the court screened the original complaint, it determined that the plaintiff did not state a claim based on his allegations about the showerhead falling on him because he did not allege that any defendant knew that the showerhead posed a risk of harm. Dkt. No. 7 at 4. In the amended complaint, the plaintiff alleges that work orders were put in numerous times for the showerhead, but nothing was done, and he sues John Doe maintenance workers for not fixing the showerhead before the incident. Dkt. No. 10 at 2. These allegations do not state a plausible claim for relief that the maintenance workers violated the plaintiff's constitutional rights. The plaintiff has not alleged that the maintenance workers knew that the showerhead posed a risk of harm or that it previously had harmed other detainees. See <u>Uptain v. Juneau Cnty. Jail</u>, Case No. 22-cv-59, 2023 WL 2784877, at *1 (W.D. Wis. Apr. 5, 2023) (quoting <u>Murphy v. Walker</u>, 51 F.3d 714, 719 (7th Cir. 1995) (Because plaintiff "is claiming that county officials negligently provided unsafe shower facilities," his allegations are "insufficient to state a claim under the Due Process Claus [of the Fourteenth Amendment].").

The plaintiff also sues medical staff for not sending him to the hospital after he fell. A §1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. James v. Hale, 959 F.3d 307, 318 (7th Cir. 2020) (citing Miranda v. County of Lake, 900 F.3d 335, 346-47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. Id. (citing Miranda, 900 F.3d at 352). The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. Id. First, he must show that the defendants acted purposefully, knowingly or recklessly when considering the consequences of their response to the medical condition at issue in the case. Id. (citing McCann v. Ogle County, Ill., 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. Id.

The plaintiff has not stated a claim for deficient medical care. He says that he should have been sent to the hospital, but he does not state what his condition was, nor does he describe the treatment he received at the Milwaukee County Community Reintegration Center. (In the original complaint, the plaintiff alleged that he received a wheelchair and pain medication after the incident, and that he had one PT appointment. Dkt. No. 1 at 3. He also alleged that he wanted to see a specialist, but he didn't see one. Id.) The plaintiff's allegations in the amended complaint—that defendants Nurse Claxton and Supervisor Carlee did not send him to the hospital—do not, without more, state

6

a plausible claim for relief. The plaintiff has not stated a claim for violation of his constitutional rights.

At most, the plaintiff has stated a claim for the state-law tort of negligence. Under Wisconsin law, a claim for negligence requires the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages. Paul v. Skemp, 242 Wis. 2d 507, 520 (Wis. 2001). But a federal court may not hear cases involving only state-law claims unless a plaintiff can establish diversity jurisdiction under 28 U.S.C. §1332. Diversity jurisdiction exists when (1) the amount in controversy exceeds $75,000; and (2) the parties are citizens of different states. 28 U.S.C. §1332. The plaintiff seeks $75,000 in damages. But his complaint suggests that most if not all the parties are citizens of Wisconsin. Because the parties are not citizens of different states, this federal court does not have subject-matter jurisdiction over any state-law claim the plaintiff may have. The court will dismiss this case *without prejudice*, which means the plaintiff is free to file a lawsuit in *state* court regarding his state law claim.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the amended complaint fails to state a claim for violation of the plaintiff's rights under federal law and this court lacks subject-matter jurisdiction over any state law claim the plaintiff may have. The court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 31st day of October, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**